**Cedrick SAMS, Petitioner–Appellant,**

v.

**David SMITH, Respondent–Appellee.**

No. 02–2401.

United States Court of Appeals, Sixth Circuit.

Aug. 4, 2003.

Before DAUGHTREY and MOORE, Circuit Judges; and CALDWELL, District Judge.*

* The Honorable Karen Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

## ORDER

Cedrick Sams, a Michigan prisoner proceeding pro se, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On October 7, 1997, a jury found Sams guilty of conspiracy to commit murder and first degree murder. Sams was sentenced to serve forty to eighty years of imprisonment for conspiracy and life in prison without the possibility of parole for murder, to run concurrently. The Michigan Court of Appeals affirmed Sams's convictions on February 22, 2000. The Michigan Supreme Court denied Sams's application for leave to appeal on October 10, 2000. Sams did not pursue post-conviction relief.

On June 6, 2001, Sams filed the instant petition for a writ of habeas corpus, in which he asserted the following three grounds for relief: 1) he was denied his right to present a defense when the trial court refused to allow him to present testimony from three defense witnesses at trial; 2) insufficient evidence was presented to support his murder conviction; and 3) insufficient evidence was presented to support his conspiracy conviction. The district court denied Sams's habeas corpus petition and granted a certificate of appealability as to all three of Sams's grounds for relief. Sams filed a timely appeal.

When reviewing a district court's disposition of a habeas corpus petition, this court reviews the district court's legal conclusions de novo and its factual findings for clear error. *Vincent v. Jones*, 292 F.3d 506, 510 (6th Cir.2002). Because Sams's habeas corpus petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), this court's review of the case is governed by the AEDPA's provisions. *Mason v. Mitchell*, 320 F.3d 604, 613 (6th Cir.2003). Pursuant to the AEDPA, a writ of habeas corpus will not be granted "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim" resulted in an unreasonable application of federal law or an unreasonable determination of facts based upon the evidence presented to the state courts. 28 U.S.C. § 2254(d)(1) and (2); *Vincent*, 292 F.3d at 510. A federal court may not find a state adjudication to be unreasonable unless "the state court identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

Upon review, we conclude that the district court properly denied Sams's petition for a writ of habeas corpus. First, the right to present witness testimony is not absolute, *Montana v. Egelhoff*, 518 U.S. 37, 42, 116 S.Ct. 2013, 135 L.Ed.2d 361 (1996), as "the accused, as is required of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). The Michigan Court of Appeals acknowledged Sams's right to present a defense as well as his obligation to follow the state's evidentiary rules and procedures and concluded that the evidence sought to be presented from the three defense witnesses at issue was improper under the state's evidentiary rules prohibiting impeachment of a witness on a collateral matter. The deci-

sion of the Michigan Court of Appeals in that regard is not an unreasonable application of federal law. *See id.*

Second, when determining whether a conviction is supported by sufficient evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The Michigan Court of Appeals discussed the elements required by state law to prove first-degree murder under an aiding and abetting theory, the evidence presented in support of the required elements, and the appropriate standard for determining whether the evidence presented was sufficient to allow a rational jury to find beyond a reasonable doubt that Sams aided and abetted the murder of Kenyata Duke. The decision of the Michigan Court of Appeals finding that Sams's conviction was supported by sufficient evidence is not an unreasonable application of federal law. *See id.*

Third, the Michigan Court of Appeals discussed the elements required by state law to prove conspiracy and the evidence presented at trial in support of those elements before concluding that the evidence presented was sufficient to allow a rational jury to find beyond a reasonable doubt that Sams conspired with others to commit the murder of Kenyata Duke. The decision of the Michigan Court of Appeals in that regard is not an unreasonable application of federal law. *See id.*

Accordingly, the district court's judgment denying Sams's petition for a writ of habeas corpus is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.